COPY

1   WRIGHT, FINLAY & ZAK, LLP
2   T. Robert Finlay, Esq., SBN 167280
    Nicholas G. Hood, Esq., SBN 238620
3   Tiffany Tran, Esq., SBN 278331
4   4665 MacArthur Court, Suite 200
    Newport Beach, CA 92660
5   Telephone: (949) 477-5050; Facsimile: (949) 608-9142
6   nhood@wrightlegal.net; ttran@wrightlegal.net

7

8   Attorneys for Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATION

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11  PABLO CORTES CRUZ; ANA ROSA      )  Case No. CV13-02330 PSG
12  RODRIGUEZ; MARIA C. CORTES;      )  (MRWx)
    CYNTHIS L. CORTES; and LUIS E.   )
13  CORTES,                          )
                                     )  NOTICE OF REMOVAL OF
14              Plaintiffs,          )  ACTION PURSUANT TO 28
15         vs.                       )  U.S.C. §1441(b)
                                     )
16                                   )  [DIVERSITY OF CITIZENSHIP]
17  FEDERAL NATIONAL MORTGAGE        )
    ASSOCIATION, a Government        )
18  Sponsored Enterprise, AKA Fannie )
    Mae; and DOES 1 through 50,      )
19                                   )  Complaint Filed: January 31, 2013
20              Defendants.          )
                                     )
21                                   )
                                     )
22                                   )
                                     )
23                                   )

         TO THE CLERK OF THE UNITED STATES DISTRICT COURT,
24
    FOR THE CENTRAL DISTRICT OF CALIFORNIA, ALL PARTIES, AND
25
    THEIR COUNSEL OF RECORD, IF ANY:
26
         PLEASE TAKE NOTICE that, pursuant to 12 U.S.C. § 1332 and
27
28  28 U.S.C. § 1441(b), Defendant FEDERAL NATIONAL MORTGAGE
    ASSOCIATION ("Fannie Mae"), hereby gives notice of the removal of this action

from the Superior Court of California, County of Los Angeles – from where it is presently pending – to this United States District Court, for the Central District of California. As grounds for this removal, Defendant asserts the following:

## THE ACTION BEING REMOVED

1.     On January 31, 2013, Plaintiffs  PABLO CORTES CRUZ; ANA ROSA RODRIGUEZ; MARIA C. CORTES; CYNTHIA L. CORTES; and LUIS E. CORTES (collectively "Plaintiffs") filed a Complaint in the Superior Court of the State of California, County of Los Angeles ("State Court"), entitled *Pablo Cortes Cruz, et al. v. Federal National Mortgage Association;* Case No. NC044751 (the "Action"). A true and correct copy of the Complaint on file in the State Court for the Action is attached hereto as Exhibit "A." In addition, true and correct copy of the docket for the State Court Action, as of the date of this Notice, is attached hereto as Exhibit "B" and incorporated herein by reference. A Return of Service of Summons & Complaint was filed by Plaintiffs in the State Court Action, but at this time Fannie Mae does not have a copy in its possession. Fannie Mae will supplement this Notice of Removal with the Return of Service of Summons & Complaint when it is available.

## REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

2.     The Action may be removed to this United States District Court, for the Central District of California, in accordance with 28 U.S.C. § 1441(b), since this District Court has original jurisdiction over the Action on the basis of diversity of citizenship. *See* 12 U.S.C. § 1332. Specifically, the Action is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

3.     **Diversity of Citizenship**.   In order to qualify for diversity of citizenship jurisdiction, all of the named plaintiffs' citizenships <u>must</u> be completely diverse from all the named defendants' citizenships, excluding nominal, fraudulent and/or sham defendants. *Strawbridge v. Curtiss*, 7 U.S. (3

Cranch) 267 (1806); *see, Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004). Here, complete diversity exists.

**a.** ***Plaintiffs' Citizenship***. Plaintiffs are natural persons. For diversity jurisdiction purposes, a natural person's citizenship is determined by his or her naturalization to the United States and domicile state at the time of filing (which is the state he or she resides in with the intention to remain or to which he or she intends to return). *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Here, at the time of filing the Action, Plaintiffs resided in Los Angeles County, State of California, where they intend to remain. *See,* Exhibit "A" attached hereto at ¶ 1. Therefore, Plaintiffs are deemed citizens of the State of **California** for the purposes of diversity citizenship jurisdiction.

**b.** ***Defendant Fannie Mae's Citizenship***. Fannie Mae is, and was at the time of filing of the Action, a government sponsored enterprise chartered by the Unites States of America's Congress under 12 U.S.C. §1717(a), and it is deemed, a resident of the District of Columbia as a matter of law. *See,* 12 U.S.C. § 1717(a)(1). As such, Fannie Mae is a citizen of the **District of Columbia** for diversity of jurisdiction purposes.

**4.** **Amount in Controversy**. In addition to diversity of citizenship, "the matter in controversy [must] exceed[s] the sum or value of $75,000, exclusive of interest and costs…" 28 U.S.C. §1332(a)(1). "In actions seeking declaratory or injunctive relief, it is well-established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002). Here, Plaintiffs seek damages based on claims regarding the habitability of the subject real property in the amount of $300,000.000 – an amount that exceeds $75,000.00. *See,* Exhibit "A" Prayer for Relief, Item I. Therefore, this Action meets the jurisdictional amount in controversy.

5.     **Timeliness**.  Fannie Mae was purportedly served with the Complaint on or about February 28, 2013, and this Notice of Removal is being filed within thirty days therefrom. Therefore, this Notice of Removal is timely as required by 28 U.S.C. § 1446(b).

6.     **Consent.**  Defendants DOES 1 to 50 have not been served as of the date of this Notice with the Summons or the Complaint. Thus, their consent to this removal is not required. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (the requirement for consent applies "only to defendants properly joined and served in the action."); *Salverson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1428 (9th Cir. 1984).

**WHEREFORE**, the Action is hereby removed to this United States District Court, for the Central District of California, and Fannie Mae prays that this District Court proceed, pursuant to 28 U.S.C. §1441 and any other applicable law, as if this Action had been originally filed in this District Court.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated:  April 1, 2013          By: _____

T. Robert Finlay, Esq.
Nicholas G. Hood, Esq.
Tiffany Tran, Esq.
Attorneys for Defendant,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION

NOTICE OF REMOVAL OF ACTION

# EXHIBIT "A"

2/28/13
St Pasadena

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** Federal National Mortgage
*(AVISO AL DEMANDADO):* Association, a Government
Sponsored Enterprise, AKA Fannie Mae; and DOES 1
through 50,

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 31 2013

John A. Clarke, Executive Officer/Clerk

By _____, Deputy

S PADILLA

**YOU ARE BEING SUED BY PLAINTIFF:** Pablo Cortes Cruz; Ana
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Rosa Rodriguez;
Maria C. Cortes; Cynthia L. Cortes; and Luis E.
Cortes,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org),* the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California *(www.sucorte.ca.gov),* en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, *(www.lawhelpcalifornia.org),* en el Centro de Ayuda de las Cortes de California, *(www.sucorte.ca.gov)* o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: LOS ANGELES SUPERIOR COURT
*(El nombre y dirección de la corte es):*                        SOUTH DISTRICT

~~San Pedro Courthouse~~
~~505 S. Centre St.~~                 415 W. OCEAN BOULEVARD
~~505 S. Centre St~~                    LONG BEACH, CALIFORNIA 90802
~~San Pedro, CA 90731~~

CASE NUMBER:
*(Número del Caso):*  **NC 044751**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jesus A. Rodriguez                                        213-623-2333    213-623-2210
LAW OFFICES OF JESUS RODRIGUEZ
700 S. Flower Street
Los Angeles, CA 90017
DATE: JAN 31 2013                    John A. Clarke
*(Fecha)*                    Clerk, by _____, Deputy
                             S PADILLA
                             *(Secretario)*         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✗] on behalf of *(specify):* Federal National Mortgage Association a Government Sponsored Enterprise AKA Fannie Mae

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [✗] other *(specify):* Entity unknown

4. [✗] by personal delivery on *(date):* 2/28/13

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

1  Jesús A. Rodriguez, Esq., SBN 220709
2  Sugeyle Tapia, Esq., SBN 259600
   LAW OFFICES OF JESUS RODRIGUEZ
3  700 South Flower Street, Suite 1510
   Los Angeles, California 90017
4  Telephone:  (213) 623-2333
5  Facsimile:  (213) 623-2210

6  Attorneys for Plaintiffs

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 31 2013

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
S. PADILLA

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8          FOR THE COUNTY OF LOS ANGELES - SOUTH DISTRICT

9

10  PABLO CORTES CRUZ; ANA ROSA       CASE NO.  NC 044751
    RODRIGUEZ; MARIA C. CORTES;
11  CYNTHIA L. CORTES; and LUIS E.    *Assigned to*
    CORTES,                          *Dept.*
12
13          Plaintiffs,              **HABITABILITY COMPLAINT FOR
                                     DAMAGES; DEMAND FOR JURY
14      vs.                          TRIAL**

15  FEDERAL NATIONAL MORTGAGE
    ASSOCIATION, a Government Sponsored     O S C          C M C
16  Enterprise, AKA Fannie Mae; and DOES 1
    through 50,                       APR 1 1 2013     JUL 1 0 2013
17
18          Defendants.              Dept.G @ 8:30 AM  DEP.T. G

19              __INTRODUCTORY ALLEGATIONS__

20          1)    Plaintiffs are long-standing, low-income tenants residing in a dilapidated multi-unit

21  residential apartment building (hereafter "The Building" or "The Property" or "The Premises")

22  located at 916 N. Gulf Avenue, in the City of Wilmington, State of California, and County of Los

23  Angeles 90744.  Defendant Federal National Mortgage Association, a Banking Association

24  (hereafter "Defendant") is the current owner and manager of the building.  Plaintiffs seek

25  damages.

26          2)    Plaintiffs have suffered from Defendant's neglect of The Property.  The Property

27  has been cited by the City and County of Los Angeles for numerous fire, health and safety

28  violations that include, but are not limited to: damaged, defective or deteriorated ceilings, ceiling

_____

HABITABILITY COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  and roof supports, or other horizontal members that are sagging, split or buckling; failure to

2  provide and maintain the required permanently wired, with battery back-up, smoke detectors at all

3  sleeping rooms, and areas adjacent to sleeping rooms, and other fire hazards; failure to maintain

4  carbon monoxide detectors with battery back-up; failure to maintain the premises free of from

5  vermin and/or rodent infestations; failure to maintain the required window and/or door insect

6  screens; failure to maintain the required water closet, lavatory, bathtub, shower, or kitchen sink as

7  required for a dwelling unit; failure to maintain required window and/or door glazing; failure to

8  maintain windows, doors, cabinets, and frames operable, clean, sanitary and in good repair; failure

9  to maintain safe and sanitary floor covering; failure to maintain plaster/drywall walls/ceilings in a

10  smooth and sanitary condition; maintaining inoperative or defective receptacles in kitchens and/or

11  bathrooms and/or exterior locations; failure to provide/maintain the required plumbing trap, trap

12  arm, and/or tailpiece free from defect; failure to maintain the required appliance venting system in

13  a good and safe condition, and in conformance with applicable laws at the time of installation;

14  failure to provide and/or maintain an approved and/or non-defective domestic range vent; failure

15  to maintain the required mechanical or natural bathroom ventilation; failure to maintain dwelling

16  unit in a safe and sanitary condition; failure to provide and/or maintain the required foundation

17  vent or under floor access screens; failure to paint all exposed building surfaces to maintain

18  exterior weatherproofing; failure to maintain broken, split, decayed, or buckled exterior walls,

19  weather tight, in good repair and in a clean condition; failure to maintain fences in a good repair,

20  straight, uniform, painted and/or structurally sound; failure to anchor or strap water heater tank(s)

21  in an approved manner to prevent horizontal or vertical displacement in the event of an

22  earthquake; failure to maintain a permit and inspection approval for new plumbing work and/or

23  the installation or replacement of new water heater(s); failure to properly install/terminate water

24  heater relief valve piping; failure to maintain the required appliance venting system in good and

25  safe condition, and in conformance with applicable laws at the time of installation; and overall

26  premises in disrepair and in dilapidated conditions.

27  / /

28  / /

3).     While owning and/or managing The Property, the Defendant named in this action has failed to (and continues to fail to) maintain it in lawful, habitable condition. The Defendant failed to maintain The Property in habitable condition despite repeated verbal complaints by Plaintiffs and written citations and verbal warnings by governmental entities. Indeed, for the entire time that Plaintiffs have resided in The Building, it has been in deplorable condition. Defendant's failure to maintain the dwellings in a decent, safe and habitable condition has harmed Plaintiffs, who now seeks damages.

4)     Rather than continuing to endure the slum conditions created by Defendant, Plaintiffs organized and exercised their legal rights under the Civil Code, common law and Los Angeles County and City Codes by making oral complaints to Defendant and government agencies regarding the habitability of The Property.

## THE PARTIES

**PLAINTIFFS**

5)     Plaintiff Pablo Cortes Cruz (hereinafter "Plaintiff Cortes Cruz"), an adult male, is a resident of The Property under a written agreement and has lived in The Building since approximately 2008, during which time The Property was owned and/or managed by the former owner Sergio Villegas. Plaintiff Cortes Cruz resides at 916 N. Gulf Avenue, Wilmington, CA 90744. An implied term of Plaintiff Cortes Cruz's tenancy is that in exchange for the rent paid to live at The Building, Plaintiff Cortes Cruz was to receive a rental unit that is in habitable condition as defined by law. At all relevant times, Plaintiff Cortes Cruz has paid rent on a monthly basis to Defendant and/or for the benefit of Defendant, and maintained a month-to-month tenancy at The Premises.

6)     Plaintiff Ana Rosa Rodriguez (hereinafter "Plaintiff Rodriguez"), an adult female, is a resident of The Property under a written agreement and has lived in The Building since approximately 2008, during which time The Property was owned and/or managed by the former owner Sergio Villegas. Plaintiff Rodriguez resides at 916 N. Gulf Avenue, Wilmington, CA 90744. An implied term of Plaintiff Rodriguez's tenancy is that in exchange for the rent paid to

1    live at The Building, Plaintiff Rodriguez was to receive a rental unit that is in habitable condition

2    as defined by law. At all relevant times, Plaintiff Rodriguez has paid rent on a monthly basis to

3    Defendant and/or for the benefit of Defendant, and maintained a month-to-month tenancy at The

4    Premises.

5        7)    Plaintiff Maria C. Cortes (hereinafter "Plaintiff M. Cortes"), an adult female, is a

6    resident of The Property under a written agreement and has lived in The Building since

7    approximately 2008, during which time The Property was owned and/or managed by the former

8    owner Sergio Villegas. Plaintiff M. Cortes resides at 916 Gulf Avenue, Wilmington, CA 90744.

9    An implied term of Plaintiff M. Cortes' tenancy is that in exchange for the rent paid to live at The

10   Building, Plaintiff M. Cortes was to receive a rental unit that is in habitable condition as defined

11   by law. At all relevant times, Plaintiff M. Cortes has paid rent on a monthly basis to Defendant

12   and/or for the benefit of Defendant, and maintained a month-to-month tenancy at The Premises.

13       8)    Plaintiff Cynthia L. Cortes (hereinafter "Plaintiff C. Cortes"), an adult female, is a

14   resident of The Property under a written agreement and has lived in the building since

15   approximately 2008, during which time The Property was owned and/or managed by the former

16   owner Sergio Villegas. Plaintiff C. Cortes resides at 916 Gulf Avenue, Wilmington, CA 90744.

17   An implied term of Plaintiff C. Cortes' tenancy is that in exchange for the rent paid to live at The

18   Building, Plaintiff C. Cortes was to receive a rental unit that is in habitable condition as defined by

19   law. At all relevant times, Plaintiff C. Cortes has paid rent on a monthly basis to Defendant and/or

20   for the benefit of Defendant, and maintained a month-to-month tenancy at The Premises.

21       9)    Plaintiff Luis E. Cortes (hereinafter "Plaintiff L. Cortes"), an adult male, is a

22   resident of The Property under a written agreement and has lived in The Building since

23   approximately 2008, during which time The Property was owned and/or managed by the former

24   owner Sergio Villegas. Plaintiff L. Cortes resides at 916 N. Gulf Avenue, Wilmington, CA 90744.

25   An implied term of Plaintiff L. Cortes tenancy is that in exchange for the rent paid to live at The

26   Building, Plaintiff L. Cortes was to receive a rental unit that is in habitable condition as defined by

27   law. At all relevant times, Plaintiff L. Cortes has paid rent on a monthly basis to Defendant and/or

28   for the benefit of Defendant, and maintained a month-to-month tenancy at The Premises.

4

HABITABILITY COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

DEFENDANTS

10)   On information and belief, Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION, a Government Sponsored Enterprise, AKA Fannie Mae (hereafter "Defendant") is a Government sponsored enterprise conducting business in the State of California.  Plaintiffs are informed and believe and thereon allege that at all material times herein, Defendant has demanded and/or collected rent from Plaintiffs, is the current owner, co-owner or operator of The Property, has exercised real or apparent authority regarding it, or has been an employee or agent of the owner, and has been responsible for maintaining the building in a lawful, habitable condition.  Plaintiffs further allege that pursuant to Trustee's Deed recorded on or about July 1, 2010, Defendant has maintained ownership, management and/or control of The Premises through the date of the filing of this complaint.  Attached hereto and incorporated herein by this reference as "Exhibit 1" is a true and correct copy of said Trustee's Deed.

11)   Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1-25, inclusive, and therefore sue these Defendants, who are the previous owners and landlords of The Building, by such fictitious names and capacities.  Plaintiffs will amend this complaint to allege their true identities when ascertained.  Plaintiffs are informed and believe, and on that basis allege, that each fictitiously named defendant is responsible in some manner for the acts and failures to act herein alleged, and that Plaintiffs' injuries as herein alleged were legally caused by the conduct of each such Defendant.

12)   Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 26-50, inclusive, and therefore sue these Defendants by such fictitious names and capacities.  Plaintiffs will amend this complaint to allege their true identities when ascertained.  Plaintiffs are informed and believe, and on that basis allege, that each fictitiously named defendant is responsible in some manner for the acts and failures to act herein alleged, and that Plaintiffs' injuries as herein alleged were legally caused by the conduct of each such Defendant.

13)   Plaintiffs are informed and believe and thereupon allege that, at all times material herein, each of the Defendants was the agent or employee of, and/or working in concert with, his/her co-Defendants and was acting within the course and scope of such agency, employment

1  and/or concerted activity. Plaintiffs allege that to the extent certain acts and omissions were

2  perpetrated by a certain defendant, the remaining Defendant or Defendants confirmed and ratified

3  said acts and omissions.

4      14)  Plaintiffs are informed and believe and thereupon allege, that at all times material

5  herein, each Defendant was dominated and controlled completely by his/her co-defendant and

6  each was the alter-ego of the other.

7      15)  Whenever and wherever reference is made in this Complaint to any act or failure to

8  act by a Defendant or Defendants, such allegations and references shall also be deemed to mean

9  the acts and failures to act of each Defendant, whether acting individually, or jointly and severally

10     16)  Whenever and wherever reference is made to individuals who are not named as

11 Plaintiffs or Defendants in this complaint, but who are or were employees or agents of Defendants

12 the conduct of such individuals' at all relevant times was on behalf of Defendants and was within

13 the course and scope of their employment or agency.

14

15         **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

16     17)  The Property has been subject to multiple inspections by the Los Angeles Housing

17 Department ("Housing Department") that resulted in citations against the Defendant for multiple

18 violations of the California Health and Safety Code and the Los Angeles Municipal Code.

19     18)  The Housing Department issued Notices and Orders to Comply including but not

20 limited to an Order issued on November 9, 2011. The violations identified in the November 9,

21 2011 Order were left unabated for more than 35 days. On or about January 17, 2012, an inspector

22 of the Housing Department conducted a re-inspection of The Property and found the Defendant

23 failed to correct the cited violations within the time allowed.

24     19)  The habitability violations were and/or are located in the interior and exterior of

25 The Property including deteriorated flooring, inadequate fire protection, uncleanliness, inadequate

26 heating and ventilation, deteriorated walls and ceilings, inoperable and/or damaged doors and

27 windows, deteriorated plumbing systems, dampness, and infestations of cockroaches.

28

20)     As a consequence of the conditions alleged by Plaintiffs herein, Plaintiffs have sustained injuries and health problems caused or exacerbated by the conditions.

21)     As a consequence of the conditions allowed to remain and Defendants' failure to abate and correct said deplorable conditions at The Property, Plaintiffs have also sustained severe mental suffering, anguish, frustration, anxiety and stress.

22)     Each Plaintiff resided as a tenant in an apartment at the Property during the period in which Defendants owned, managed and exercised possession and control of The Premises. During their tenancies, Plaintiffs were exposed to the following substandard conditions:

a.   Cockroach infestation;

b.   damaged and/or inoperable windows;

c.   deteriorated and worn walls and ceilings;

d.   faulty and leaking pipes;

e.   lack of proper electrical wiring;

f.   damaged and/or inoperable water heater;

g.   lack of sanitary bathrooms;

h.   unsanitary, unsafe, worn and/or torn flooring;

i.   unsanitary and unsafe common areas;

j.   inoperable exterior property gate;

k.   inadequate security;

23)     The cockroaches nest inside Plaintiffs' electrical appliances and contaminate their food supplies.  They crawl onto Plaintiffs' bodies while they sleep, deposit their excrement throughout Plaintiffs' units and the common areas and cause rashes, skin eruptions, and other ailments among Plaintiffs.

24)     Despite Plaintiffs' persistent complaints about the infestations, Defendants have responded inconsistently and ineffectively, or not responded at all, and all the while these infestations continue causing Plaintiffs continued distress and anxiety.

//

//

25)     Plaintiffs notified Defendants and/or their agents about the habitability violations but Defendants have failed to correct the habitability conditions and/or made substandard, inadequate, sloppy and shoddy repairs at The Property. The Defendants, and each of them, are experienced owners and/or managers of low income residential property and are aware that absent appropriate maintenance and professional pest control, serious habitability violations will develop that would seriously and materially affect the Plaintiffs' tenancies.

26)     As a direct consequence of the ongoing substandard conditions at The Building and the unaddressed violations in the notices from the Health Department and the LAHD, The Building was placed into the Rent Escrow Account Program (REAP) on or about March 8, 2012. The REAP Program is reserved for the City's worst residential buildings. When a property is placed into the REAP program, rents are reduced by up to fifty-percent (50%) and it allows tenants to pay their rent to an LAHD-maintained escrow account, rather than to the landlord.

FIRST CAUSE OF ACTION

(Violation of Civil Code §1942.4)

27 )     Plaintiffs re-allege, and incorporate by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

28)     The Property substantially lacks the affirmative standard characteristics identified in Section 1941.1 of the Civil Code and Sections 17920.3 and 17920.10 of the Health and Safety Code, as alleged above. The Plaintiffs contend that their apartment contained inadequate weather protection, plumbing, clean and sanitary premises, trash facilities and floors.

29)     As alleged herein, after inspecting The Premises, public officer housing and health inspectors provided written notice to the Defendants of their obligation to repair prohibited conditions on the dates as alleged herein. The defective conditions were not caused by any act or omission of Plaintiffs.

30)     Without good cause, Defendants failed to abate or repair the conditions identified in one or more of the Notice and Orders to Comply within 35 days of receiving the notice, during which time the substandard conditions continued to exist without abatement.

31)   The Defendants continued to demand and collect rent from the Plaintiffs while the prohibited conditions identified by public housing authorities were unabated.

32)   By reason of the foregoing, the Defendants violated California Civil Code Section 1942.4, and as a direct and proximate result of the foregoing, each Plaintiff is entitled to statutory damages of not less than $100.00, and not more than $5,000.00 pursuant to Section (b)(1) and reasonable attorney's fees and costs pursuant to Section (b)(2).

SECOND CAUSE OF ACTION

(Tortious Breach of the Warranty of Habitability)

33)   Plaintiffs re-allege, and incorporate by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

34)   The defective conditions alleged herein constituted violations of state and local housing laws and posed severe health, safety and fire hazards and breached the implied warranty of habitability.

35)   Defendants had actual and constructive notice of the defective conditions alleged herein, but despite such notice, failed to adequately repair and abate the conditions at The Property.

36)   Plaintiffs did not cause, create or contribute to the existence of the defective conditions alleged herein.

37)   By failing to correct said defective conditions, Defendants have breached the warranty of habitability implied in all rental contracts under California law.

38)   Defendants knew or should have known that permitting said defective conditions to exist threatened the physical and emotional health and well being of Plaintiffs, and posed a serious threat and danger to their health and safety.

39)   As a direct and proximate result of Defendants' breach of the warranty of habitability, Plaintiffs, and each of them, have sustained special, general and property damage in amounts to be determined at trial.

//

9

HABITABILITY COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

### THIRD CAUSE OF ACTION

(Breach of the Covenant of Quiet Enjoyment)

40)    Plaintiffs re-allege, and incorporate by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

41)    The covenant of quiet enjoyment is codified in California Civil Code Section 1927. Implied in the landlord/tenant relationship between Defendants and each Plaintiff is a covenant that the Defendants will not interfere with each Plaintiff's quiet enjoyment of The Property during the term of their respective tenancies.

42)    Defendants have breached the implied covenant of quiet enjoyment as alleged herein, including, but not limited to: their failure and refusal to repair the alleged habitability violations and to maintain The Property in a habitable condition and in a condition consistent with the purpose for which it was rented.

43)    Defendants knew, or reasonably should have known, that Plaintiffs would suffer damages as a result of this breach.  Defendant was notified about the uninhabitable conditions at The Property on multiple occasions by Plaintiffs, the LAHD, and/or the Health Department.

44)    As a direct and proximate result of Defendants' breach of the covenant of quiet enjoyment, the value of the leasehold held by each Plaintiff has been materially diminished. Consequently, each Plaintiff has been damaged in an amount to be established at trial.

45)    As a direct and proximate result of Defendants' conduct, each Plaintiff has sustained general, special and property damage in amounts to be determined at trial.

46)    Pursuant to Civil Code Section 3304, each Plaintiff is entitled to interest on the rents due and paid by them during the life of their tenancy,  not exceeding five years.

### FOURTH CAUSE OF ACTION

(Private Nuisance)

47)    Plaintiffs re-allege, and incorporate by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

//

10

48)     The conditions of The Property that the Defendants caused constitute a private nuisance within, but not limited to the meaning of Civil Code Section 3479 because the defective conditions were injurious to the health and safety of Plaintiffs, indecent and offensive to the Plaintiffs and interfered substantially with the Plaintiffs comfortable enjoyment of The Property.

49)     These conditions constituted substantial and unreasonable interference with the Plaintiffs' private use and enjoyment of their tenancy.

50)     Despite being required by law to abate the nuisance, Defendants have failed and continue to fail to correct the conditions rendering The Building a nuisance. Defendants knew, or reasonably should have known, that Plaintiffs would be injured as a result of Defendants' failure to abate the nuisance.

51)     As a direct and proximate result of Defendants' breach, each Plaintiff has suffered and/or continues to suffer injuries, including, but not limited to: rents due and paid by each Plaintiff during the life of his or her tenancy; property damage; bodily injury; loss in the value of his or her leasehold; illness; mental stress; emotional distress; discomfort; annoyance; anxiety; and fear. As a result, each Plaintiff has been damaged in an amount to be proven at trial, but which amount is within the jurisdictional requirements of this Court.

FIFTH CAUSE OF ACTION

(Business & Professions Code § 17200 et seq.)

52)     Plaintiffs re-allege, and incorporate by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

53)     Each of the adult Plaintiffs was responsible for paying their respective rent on a monthly basis during their tenancies with the Defendants.

54)     The Defendants failure to maintain The Property and failure to abate known habitability violations while demanding rent constitutes an unlawful business practice. Specifically, the Defendants violated laws including but not limited to Sections 17920.3, 17920.3(a),17920.3(a)(2), 17920.3(a)(13), 17920.3(b)(4), 17920.3(b)6, 17920.3(c), 17920.3(d), 17920.3(g)(4), 17920.3(j), and 17920.3(m) of the Health and Safety Code; and Sections 91.8104,

1  91.8902.2.2.6, 91.8902.2.7, 91.310.9.1.1, 91.310.9.1.4, 91.310.9.1.5, 91.8603.1.1, 91.8603.1.2,

2  91.8902.1.12, 91.8104.5, 91.8104.6, 91.8104.4, 91.8104.5.1, 91.8104.8, 93.0104, 91.8902.6,

3  95.801, 95.803.1, 95.504.2, 94.411.1, 91.1201, 91.1203.3, 91.3402, 91.8102.2, 91.8104.2,

4  91.8104.12, 91.8104.13, 91.310.14, 94.510.5, 94.201, 94.0301, 94.608.5, 91.8902.6, 95.801, and

5  95.803.1 of the Los Angeles Municipal Code.

6     55)    Proof of these violations is contained in the Code Enforcement Orders issued by the

7  Housing and Health Department against The Property and the Defendants as alleged in paragraph

8  18.  Moreover, as alleged in the First Cause of Action, the unlawful practices of the Defendants

9  violated California Civil Code Sections 1942.4 and 1941.1.

10    56)    The charging Plaintiffs in this cause of action were and are responsible for paying

11 monthly rent to the Defendants and were each individually harmed and sustained economic injury

12 as a result of the alleged unlawful business practices by having to pay monthly rent for apartments

13 that contained the material deficiencies as alleged herein.

14    57) As a direct and proximate result of the aforementioned acts and omissions, the

15 Defendants were unjustly enriched at the expense of Plaintiffs, and Plaintiffs are entitled to

16 restitution in an amount to be proven at trial.

17
                              SIXTH CAUSE OF ACTION
18
                                   (Negligence)
19
20    58)    Plaintiffs re-allege, and incorporate by reference every allegation contained in the

21 preceding paragraphs of this Complaint as though set forth herein.

22    59)    As owners, operators and managers of The Property, the Defendants owed

23 Plaintiffs the duty to exercise reasonable care in the ownership, management and control of The

24 Property.

25    60)    Defendants' duty to exercise reasonable care includes, but is not limited to: the duty

26 to refrain from interfering with each of the Plaintiff's full use of and quiet enjoyment of their

27 rented premises; the duty to comply with all applicable state and local laws governing Plaintiffs'

28

1  rights as tenants; the duty to maintain the Plaintiffs' premises in a safe, healthy and habitable

2  condition and the duty to not obstruct Plaintiffs' full use and occupancy of their rented residences.

3        61)     Defendants were aware of their obligation to maintain The Building in a habitable

4  condition.  Yet, Defendants negligently failed to properly maintain The Building, despite being

5  notified on several occasions by Plaintiffs, the LAHD and/or the Health Department that it was out

6  of compliance with applicable health and safety codes.  Defendants knew, or should have known,

7  that Plaintiffs would suffer damages and injury as a result of this breach.

8        62)     As a direct and proximate result of Defendants' breach, each Plaintiff has suffered

9  and/or continues to suffer injuries, including, but not limited to:  rents due and paid by each

10  Plaintiff during the life of his or her tenancy; property damage; bodily injury; loss in the value of

11  his or her leasehold; illness; mental stress; emotional distress; discomfort; annoyance; anxiety; and

12  fear.  As a result, each Plaintiff has been damaged in an amount to be proven at trial, but which

13  amount is within the jurisdictional requirements of this Court.

14  //

15  //

16  //

17

18

19

20

21

22

23

24

25

26

27

28

HABITABILITY COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, and each of them, pray for the following damages and relief:

I.    For general, compensatory, consequential and property damage in an amount of not less than $300,000 according to proof at trial;

II.    For statutory damages under Civil Code Section 1942.4 and restitution under Business and Professions Code Section 17200;

III.    Reasonable attorney fees;

IV.    Costs of suit;

V.    For post-judgment interest pursuant to Civil Code Sections 3288 and 3291; and

VI.    For such other relief as the court may deem just and proper.

Dated: January 30, 2013           LAW OFFICES OF JESUS A. RODRIGUEZ

By: _____
Jesus Rodriguez
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all causes of action triable by jury.

Dated: January 30, 2013           LAW OFFICES OF JESUS A. RODRIGUEZ

By: _____
Jesus Rodriguez
Attorneys for Plaintiffs

14

HABITABILITY COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Exhibit 1



This page is part of your document - DO NOT DISCARD

## 20100903835





Pages:
0006

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

07/01/10 AT 08:00AM

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |



LEADSHEET



201007010230006

00002596491



002759539

SEQ:
15

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED

E462318

T46

RECORDING REQUESTED BY LANDSAFE TITLE
RECONTRUST COMPANY
AND WHEN RECORDED MAIL TO:

RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA  93063

Forward Tax Statements to Address listed above



07/01/2010

*20100903835*

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No.  09-0060790
Title Order No.  09-8-180012

## TRUSTEE'S DEED UPON SALE

APN#    7416-015-008                    TRANSFER TAX: $ _____

The Grantee herein  was the beneficiary
The amount of the unpaid debt was $ 467,815.51
The amount paid by the Grantee was $ 467,815.51
The property is in the city of (WILMINGTON AREA) LOS ANGELES, County of LOS ANGELES

Signature of Declarant or Agent determining tax. Firm Name
SoCal

RECONTRUST COMPANY, N.A., as the duly appointed Trustee (or successor Trustee or substituted
Trustee), under a Deed of Trust referred to below, and herein called "Trustee", does hereby grant without
covenant or warranty to:

    FEDERAL NATIONAL MORTGAGE ASSOCIATION

herein called Grantee, the following described real property situated in LOS ANGELES County,
California:

SEE ATTACHED LEGAL DESCRIPTION          SEE EXHIBIT A

This conveyance is made pursuant to the powers conferred upon Trustee by the Deed of Trust executed by
SERGIO VILLEGAS, A SINGLE MAN, as Trustor, recorded on 08/10/2006, Instrument Number 06
1777658 ( or Book , Page ) Official Records in the Office of the County Recorder of LOS ANGELES
County.

All requirements of law regarding the recording and mailing of copies of the Notice of Default and
Election to Sell, and the recording, mailing, posting, and publication of the Notice of Trustee's Sale have
been complied with.

Form trsteedeed (01/09)

3

TS No. 09-0060790

Title Order No. 09-8-180012

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its power under said Deed of Trust sold said real property at public auction on 06/25/2010. Grantee, being highest bidder at said sale became the purchaser of said property for the amount bid, which amount was $ 467,815.51.

DATE:     June 25, 2010                           RECONTRUST COMPANY, N.A.


BY: _Paula Fanklin_____
PAULA FRANKLIN, Assistant Secretary

State of California          )

County of Ventura            )

On  JUN 2 0 2010          before me, MICHELLE I. MILLER _____, notary public, personally appeared
Paula   Franklin          , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

Signature _Michelle_____ (Seal)
MICHELLE I. MILLER

MICHELLE I. MILLER
COMM. #1936833
Notary Public - California
Los Angeles County
My Comm. Expires Feb. 15, 2013

Form trsteedeed (01/09)

4

EXHIBIT "A"

THE LAND REFERRED TO IN THIS GUARANTEE IS SITUATED IN THE STATE OF CALIFORNIA,
CITY OF LOS ANGELES, COUNTY OF LOS ANGELES AND IS DESCRIBED AS FOLLOWS:

LOT 7 IN BLOCK "A" OF THE RESUBDIVISION OF THE INNER HARBOR TRACT, IN THE CITY OF
LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
BOOK 5, PAGE 70 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ALSO ALL THAT PORTION OF LOT "E" OF THE DOCK COMPANY'S TRACT, IN THE CITY OF LOS
ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK
13, PAGE 25 OF MAPS, LYING BETWEEN THE WESTERLY PROLONGATION OF THE NORTHERLY
AND SOUTHERLY LINES OF LOT 7 IN BLOCK "A" OF THE RESUBDIVISION OF THE INNER HARBOR
TRACT, AS PER MAP RECORDED IN BOOK 5 PAGE 70, OF MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY.



### Certificate of Acceptance, Government Code Section 27281

This is to certify that the interest in Real Property conveyed by the attached Trustee Deed

Dated 6/28/2010 from Recontrust Company N.A., to the Federal National Mortgage Association, is hereby accepted by the undersigned officer or agent on behalf of the Federal National Mortgage Association and the Grantee consents to the recordation thereof by its Duly Authorized Officer.

Date: 6/28/2010

FEDERAL NATIONAL MORTGAGE ASSOCIATION AND/OR HIS SUCCESSORS AND/OR ASSIGNS

Pursuant to a delegation of authority
Contained in 38 C.F. R. 36.4342 (F)

State of: California                                    BY: _Paula F. _____

County of: Ventura                                     Paula Franklin, Assistant Secretary

**MICHELLE I. MILLER**

On __JUN 2 8 2010_____ before me, _____, notary public, personally appeared Paula Franklin, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Michelle M._____ (Seal)
              **MICHELLE I. MILLER**

MICHELLE I. MILLER
COMM. #1836833
Notary Public - California
Los Angeles County
My Comm. Expires Feb. 16, 2013

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jesus A. Rodriguez, Esq.<br>LAW OFFICES of JESUS A. RODRIGUEZ<br>700 S. Flower Street Suite 1510<br>Los Angeles, CA 90017 | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court |

TELEPHONE NO.: 213-623-2333   FAX NO.: 213-623-2210

ATTORNEY FOR *(Name):* Plaintiffs Cortes Cruz et al.,

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles

STREET ADDRESS: 505 South Centre Street LOS ANGELES SUPERIOR COURT

MAILING ADDRESS: 505 South Centre Street          SOUTH DISTRICT

CITY AND ZIP CODE: San Pedro, CA 90731     415 W. OCEAN BOULEVARD

BRANCH NAME: South District          LONG BEACH, CALIFORNIA 90802

**JAN 31 2013**

John A. Clarke, Executive Officer/Clerk

By _____ , Deputy

S. PADILLA

CASE NAME:

CORTES CRUZ et al., v. FEDERAL NATIONAL MORTGAGE

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | Counter | Joinder | **NC044751** |
| | | Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- Auto (22)
- Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
- Product liability (24)
- Medical malpractice (45)
- Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- Business tort/unfair business practice (07)
- Civil rights (08)
- Defamation (13)
- Fraud (16)
- Intellectual property (19)
- Professional negligence (25)
- Other non-PI/PD/WD tort (35)

**Employment**
- Wrongful termination (36)
- Other employment (15)

**Contract**
- Breach of contract/warranty (06)
- Rule 3.740 collections (09)
- Other collections (09)
- Insurance coverage (18)
- Other contract (37)

**Real Property**
- Eminent domain/Inverse condemnation (14)
- Wrongful eviction (33)
- ✔ Other real property (26)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38)

**Judicial Review**
- Asset forfeiture (05)
- Petition re: arbitration award (11)
- Writ of mandate (02)
- Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade regulation (03)
- Construction defect (10)
- Mass tort (40)
- Securities litigation (28)
- Environmental/Toxic tort (30)
- Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- RICO (27)
- Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- Partnership and corporate governance (21)
- Other petition *(not specified above)* (43)

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary   b. ✔ nonmonetary; declaratory or injunctive relief.   c. ☐ punitive
4. Number of causes of action *(specify):* Six (6)
5. This case ☐ is ✔ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/30/13

Jesus A. Rodriguez, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

| SHORT TITLE: CORTES CRUZ v. FEDERAL NATIONAL MORTGAGE | CASE NUMBER: NC044751 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 8.5   ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos – Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice – Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: CORTES CRUZ v. FEDERAL NATIONAL MORTGAGE | CASE NUMBER NC044751 |
| --- | --- |

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
| --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☒ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: CORTES CRUZ v. FEDERAL NATIONAL MORTGAGE | CASE NUMBER N C 0 4 4 7 5 1 |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE:  CORTES CRUZ v. FEDERAL NATIONAL MORTGAGE | CASE NUMBER  N C 0 4 4 7 5 1 |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☐1. ☑2. ☐3. ☐4. ☐5. ☑6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:  916 N. Gulf Avenue |
|---|---|
| CITY:  Wilmington | STATE:  CA | ZIP CODE:  90744 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ~~LONG BEACH~~ San Pedro courthouse in the South _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: January 30, 2013

*Jesus Rodriguez*

(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____ NC 0 4 4 7 5 1

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Judge Michael P. Vicencia | G | 51 | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on __JAN 3 1 2013__   JOHN A. CLARKE, Executive Officer/Clerk

By _____S. PADILLA_____, Deputy Clerk

LACIV _____ 190 (Rev. 04/07)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served and proof of service shall be filed within 60 days after the filing of the complaint.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

### *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
**415 W. Ocean Blvd. Long Beach, CA 90802**

PLAINTIFF:

DEFENDANT:

**ORDER TO SHOW CAUSE HEARING**          O.S.C.

Reserved for Clerk's File Stamp
**CONFORMED COP**
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 31 2013

John A. Clarke, Executive Officer/Cle
By _____ Depu
S. PADILLA

CASE NUMBER:
**N C 0 4 4 7 5 1**

To party/ attorney of record:                                        APR 11 2013

You are ordered to appear for an Order to Show Cause Hearing on: Dept G @ 8:30am

| Date: | Time: 8:30 A.M. Dept: G | Address: 415 W. Ocean Blvd., Long Beach, CA |

and show cause why sanctions should not be imposed for:

☑ **Failure to file:**

☑  Proof of Service of ☐ Petition ☑ Summons and ☑ Complaint ☐ Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to: ALL PARTIES

☐  Request for Entry of Default pursuant to California Rules of Court, rule 3.110(g) as to: _____.

☐  Request for Entry of Default Judgment pursuant to California Rules of Court:
☐ rule 3.110(h)          ☐ rule 3.740(f)          as to: _____

☐  Request to Set Case for Trial-Unlawful Detainer.

☐  Case Management Statement pursuant to California Rules of Court, rules 3.720-3.730.

☐  Request for Dismissal
☐ as to remaining defendants
☐ as to cross-complaint
☐ pursuant to settlement agreement
☐ other _____

☐  Judgment pursuant to court order.

☐  (Other) _____

☐ Failure to appear as ordered on _____ ☐ regarding _____

☐ Failure to file any and all papers/documents necessary to bring the matter to trial or effect a final disposition as to all issues and parties to the action.

☐ (Other) _____

LACIV 166 (Rev. 09/08)
LASC Approved  06-04

**ORDER TO SHOW CAUSE HEARING**

Page 1 of 2
LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

| Short Title | Case Number NC044751 |
|---|---|
| | |

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[X] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [X] Clerk's Office, Room ___201___ at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] Your are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

JAN 3 1 2013

Dated: _____        _____
                                        MICHAEL P. VICENCIA
                                        Judicial Officer

---

## CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named below/above by depositing in the United States mail at the courthouse in Long Beach_____, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

JOHN A. CLARKE, Executive Officer/Clerk

Dated: _____   By: _____
                                        (Deputy Clerk)

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:   415 W. Ocean Blvd., Long Beach, CA 90802

PLAINTIFF:

DEFENDANT:

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 3 1 2013

John A. Clarke, Executive Officer/Clerk
By _____ Deputy

CASE NUMBER: **S. PADILLA**
N C 0 4 4 7 5

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

> Date:  JUL 1 0 2013   Time: 8:30 A.M.   Dept: G
>
> DEPT

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: JAN 3 1 2013 _____

**MICHAEL P. VICENCIA**
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

JOHN A. CLARKE, Executive/Officer Clerk

Dated: JAN 3 1 2013 _____

By _____
Deputy Clerk
S. PADILLA

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730

LASC Local Rules, Chapter Seven

# CCROLA

Coalition of Court Reporters of Los Angeles
205 South Broadway St., Suite 200
Los Angeles, CA 90012
Ph: 888.279.0395
**www.ccrola.com**

## Who We Are

We are a coalition of laid off and part-time official court reporters previously employed by the Los Angeles Superior Court. Our coalition is comprised of highly skilled reporters with years of experience and knowledge who are capable of providing reporter services in civil courtrooms throughout the county.

We are ready to cover civil trials, as well as any calendar or law and motion matters where you are required to bring your own reporter. In addition, our reporters are able to provide an array of litigation support services for your trials; i.e., realtime hookups, expedites, roughs, ASCII's, partial expedites, dailies, readbacks, sidebar conferences, closed proceedings, as well as coordinate ourselves for preparing appeal transcripts.

### Schedule a reporter for trial/motion/calendar today

We will be available for scheduling of civil matters set on or after
Monday, July 2nd, 2012.
We look forward to working with you again.

### Schedule by phone or email
**(888) 279-0395**
**info@ccrola.com**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

❖**Los Angeles County Bar Association Litigation Section**❖

❖ **Los Angeles County Bar Association Labor and Employment Law Section**❖

❖**Consumer Attorneys Association of Los Angeles**❖

❖**Southern California Defense Counsel**❖

❖**Association of Business Trial Lawyers**❖

❖**California Employment Lawyers Association**❖

B

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
       (INSERT DATE)                                             (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ➢ _____
            (TYPE OR PRINT NAME)                                          (ATTORNEY FOR PLAINTIFF)
Date:

_____                    ➢ _____
            (TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➢ _____
            (TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➢ _____
            (TYPE OR PRINT NAME)                                          (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➢ _____
            (TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)
Date:

_____                    ➢ _____
            (TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)
Date:

_____                    ➢ _____
            (TYPE OR PRINT NAME)                                          (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:           FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____        ➢   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➢   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➢   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➢   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➢   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____        ➢   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____        ➢   _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:            FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐   Request for Informal Discovery Conference
   - ☐   Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   **Cases for Which Mediation May Be Appropriate**
   Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   **Cases for Which Mediation May Not Be Appropriate**
   Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   **Cases for Which Arbitration May Be Appropriate**
   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   **Cases for Which Arbitration May Not Be Appropriate**
   If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

   **Cases for Which Neutral Evaluation May Be Appropriate**
   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

   **Cases for Which Neutral Evaluation May Not Be Appropriate**
   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev.12-09)
LASC Approved  05-09

Page 1 of 2

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898 Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:
- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
|---|---|
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NUMBER                    Reserved for Clerk's File Stamp

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process (*describe*): _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

| Short Title | Case Number |
|---|---|
| | |

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**Information About Alternative Dispute Resolution:**

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

**These programs do not offer legal advice or help you respond to a summons, but they can assist in resolving your problem through mediation.**

**Dispute Resolution Programs Act
Contracts Administration Office: (213) 738-2621**

---

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

**INFORMATION ABOUT
ALTERNATIVE DISPUTE RESOLUTION**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**Information About Alternative Dispute Resolution:**

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons,*
*but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act**
**Contracts Administration Office: (213) 738-2621**

---

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

**INFORMATION ABOUT**
**ALTERNATIVE DISPUTE RESOLUTION**

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NUMBER

Reserved for Clerk's File Stamp

ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)

CASE NUMBER:

---

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

| Short Title | Case Number |
|---|---|
|  |  |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  |  |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  |  |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  |  |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  |  |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  |  |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  |  |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  |  |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  |  |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  |  |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |  |  |

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

# EXHIBIT "B"

## Case Summary

**Case Number:** NC044751
PABLO CORTES CRUZ, ET AL VS FEDERAL NATIONAL MORTGAGE ASSOC.

**Filing Date:** 01/31/2013
**Case Type:** Other Real Property Rights Case (General Jurisdiction)
**Status:** Pending

Future Hearings

**07/10/2013** at 08:30 am in department G at 415 West Ocean Blvd., Long Beach, CA 90802
Conference-Case Management

Documents Filed | Proceeding Information

Parties

CORTES CYNTHIA L. - Plaintiff

CORTES LUIS E. - Plaintiff

CORTES MARIA C. - Plaintiff

CRUZ PABLO CORTES - Plaintiff

FEDERAL NATIONAL MORTGAGE ASSOCIATION - Defendant

RODRIGUEZ ANA ROSA - Plaintiff

RODRIGUEZ JESUS - Attorney for Plaintiff

Case Information | Party Information | Proceeding Information
Documents Filed (Filing dates listed in descending order)

**03/07/2013** Rtn of Service of Summons & Compl (AS TO FEDERAL NATION MORTGAGE ASSOCIATION )
Filed by Attorney for Plaintiff

**01/31/2013** Summons Filed
Filed by Attorney for Plaintiff

**01/31/2013** Complaint Filed

Case Information | Party Information | Documents Filed

Proceedings Held (Proceeding dates listed in descending order)
None

Case Information | Party Information | Documents Filed | Proceeding Information

**PROOF OF SERVICE**

I, Shamika L. Polin, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On April 1, 2013, I served the within **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441(b),** on all interested parties in this action as follows:

> Jesus A. Rodriguez, Esq.
> Sugeyle Tapia, Esq.
> LAW OFFICES OF JESUS RODRIGUEZ
> 300 South Flower Street, Suite 1510
> Los Angeles, CA  90017
> T: (213) 623-2333
> F: (213) 623-2210

**Attorney for Plaintiffs**

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand delivered to the office of the addressee.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.

[ ]   (BY OVERNITE EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Norco/Overnight  with the delivery fees provided for.

[X]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 1, 2013, at Newport Beach, California.

Shamika L. Polin

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PABLO CORTES CRUZ; ANA ROSA RODRIGUEZ; MARIA C. CORTES;
CYNTHIA L. CORTES; and LUIS E. CORTES

**DEFENDANTS**
FEDERAL NATIONAL MORTGAGE ASSOCIATION

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jesus A. Rodriguez, Esq.; Sugeyle Tapia, Esq.    (213) 623-2333
LAW OFFICES OF JESUS RODRIGUEZ
700 S. Flower, #1510, Los Angeles, CA 90017

Attorneys (If Known)
T. Robert Finlay, Esq. (167580); Nicholas G. Hood, Esq., (238620)
WRIGHT, FINLAY & ZAK, LLP Tiffany Tran, Esq. (278331)
4665 MacArthur Court, Suite 200, Newport Beach, CA 92660
(949) 477-5050 Fax (949) 608-9142

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** 300,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1441(b)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS - PERSONAL INJURY | TORTS - PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☒ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:

CV13-02330

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
 ☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
 ☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Federal National Mortgage Association - District of Columbia |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  April             , 2013

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV13- 2330 PSG  (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.